IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER R. PHILLIPS,

    Plaintiff,

    v.                                  Case No.: 3:05-cv-416-RV-EMT

MICHAEL L. DOMINGUEZ,
*Acting Secretary, Department*
*of the Air Force*,

    Defendant.
_____/

## ORDER

    Pending is the defendant's motion to dismiss for failure to state a claim (doc. 21-5, at pages 1-14). The plaintiff has filed a response, and the defendant has filed a reply to that response.

**I. Background**

    The following facts are taken from the plaintiff's amended complaint, and they are assumed true for purposes of this order.

    This matter has a long history.  On February 9, 2004, the plaintiff filed a complaint of discrimination with the Equal Employment Opportunity Office, charging his employer, the United States Air Force, with gender discrimination and harassment. Shortly thereafter, the parties entered into a settlement agreement, pursuant to which the defendant was required to do the following:

        A. Reassign the plaintiff's supervisor within 60 calendar
        days;

        B. Submit the plaintiff for a Quality Step Increase;

        C. Research availability of tuition assistance for the plaintiff
        to pursue an MBA;

> D. Look for reassignment for the plaintiff to another position (outside of his branch) that has career advancement potential; and
>
> E. Keep the plaintiff apprised of the progress on at least a monthly basis.

Two months later, the defendant reassigned the plaintiff to a new position pursuant to paragraph "D" of the settlement agreement. But, the position to which he was transferred had no "career advancement potential." He agreed to the reassignment because he was told that his current position was being abolished. He later learned, however, that his former position was not abolished; rather, it had been upgraded. He applied for that upgraded position, but he was not selected.

The plaintiff subsequently filed a complaint in 2005, and later an amended complaint, alleging breach of the settlement agreement and fraudulent inducement. After the complaint was filed in this court, the parties agreed that the United States Court of Federal Claims had exclusive jurisdiction over the case insofar as it involved a federal contract claim in excess of $10,000.00. Upon consent motion, I transferred the case to the Court of Federal Claims.

After the transfer, the defendant adopted an inconsistent position and filed a motion to dismiss in which he argued that the Court of Federal Claims *did not* have jurisdiction and, even if there was jurisdiction in that court, the complaint should be dismissed for failure to state a claim. The Court of Federal Claims later granted the motion on jurisdictional grounds, after which it criticized the defendant for taking an inconsistent position in an apparent attempt to "whipsaw [his] opponent." The case was thus transferred back to this court after being in the Court of Federal Claims for about two years.

Once re-transferred, I entered an order directing the parties to file a joint status report identifying what, if any, issues and motions remained outstanding. The parties have since indicated that the defendant's motion to dismiss, originally filed in the Court of Federal Claims, is still pending to the extent it sought dismissal for failure to state a claim.

**II. Discussion**

Page 3 of 4

The defendant moves to dismiss the complaint for failure to state a claim on two separate grounds. First, with respect to the claim for breach of the agreement, he argues that the settlement agreement did not require him to place the plaintiff in a career-potential position. Instead, he was only required to "look for" such a position. Because the plaintiff does not allege that the defendant failed to look for a qualifying position, he has allegedly failed to state a claim. Second, with respect to the claim for fraudulent inducement, the defendant contends that the plaintiff has not satisfied the heightened pleading standard required by Rule 9(b) and, moreover, it is not clear as to whether the plaintiff is alleging misrepresentation with respect to the transfer or with respect to entering into the settlement agreement in the first place. Notably, the plaintiff does not dispute either of defendant's contentions. His only response is that "the dismissal should be without prejudice to allow Plaintiff to file an amended complaint."

As the plaintiff impliedly concedes, the defendant's arguments are well-taken and the complaint is due to be dismissed for failure to state a claim. The question then becomes whether dismissal should be with or without prejudice. Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings, and it provides that when a party requests leave to amend, as the plaintiff has essentially done, "[t]he court should freely give leave when justice so requires." *See* 3 Moore Federal Practice § 15.14[1] (3d ed. 2006) (stating that "a liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)"). "Of course, the grant or denial of an opportunity to amend is within the discretion of the district court." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Although I have doubts about the plaintiff's ability to state a claim on the facts of this case, and I am sympathetic to the defendant's argument in opposing leave to amend --- which includes the suggestion that the plaintiff could have corrected the various deficiencies during his prior amendment --- in light of the intended lenient, pro-amendment application of Rule 15, I conclude that plaintiff should be allowed one more attempt to state a cause of action.

Before the plaintiff attempts to amend his complaint, however, I am referring the parties to mediation by separate order. This case has been lingering for almost three years, and it appears mediation may be more fruitful than continued and protracted

litigation.

### III. Conclusion

The defendant's motion to dismiss for failure to state a claim (doc. 21-5) is GRANTED. The dismissal is without prejudice. By separate order entered contemporaneously herewith, this case will be referred to mediation. The plaintiff shall have fourteen (14) days to file an amended complaint after the mediation hearing, if mediation is not successful.

DONE and ORDERED this 21st day of October, 2008.

*/s/ Roger Vinson*
ROGER VINSON
Senior United States District Judge